UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15 CV 346 RWS |
| | ) | |
| CORIZON, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jennifer Jones' son (Decedent Jones) was arrested on outstanding warrants and incarcerated at the St. Louis City Justice Center. Five days after his arrest, Decedent Jones died in his cell from a staph infection. Ms. Jones filed this law suit against several corrections officers and medical staff members employed at the Justice Center asserting claims for denial of medical care and wrongful death. Defendant Dale Glass is the Commissioner of the City of St. Louis Division of Corrections. Ms. Jones' complaint alleges that Glass was deliberately indifferent to Decedent Jones' medical needs in violation of the Fourteenth Amendment through a 42 U.S.C. § 1983 claim and also asserts a claim against Glass for wrongful death. Glass has been sued in his individual capacity.

Glass has moved to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim. When ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in light

most favorable to the Plaintiff. Fed. R. Civ. P. 12(b)(6); <u>Erickson v. Pardus</u>, 551

U.S. 89, 94 (2007). The purpose of a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6) is to test the legal sufficiency of the complaint. An action fails

to state a claim upon which relief can be granted if it does not plead "enough facts to

state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>,

550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff's factual

allegations "must be enough to raise a right to relief above the speculative level. <u>Id.</u>

at 555.

Glass argues that the section 1983 claim should be dismissed because the complaint

does not allege that he had any direct knowledge or involvement with the events which led

to Decedent Jones' death.

To state a claim in a section 1983 action, a plaintiff must plead that each

government-official defendant, through the official's own actions, has violated plaintiff's

constitutional rights. <u>Reynolds v. Dormire</u>, 636 F.3d 976, 978 (8th Cir. 2011). The

complaint in this case does not assert any facts that Glass was aware of Decedent Jones'

illness or that Glass personally provided or failed to provide Decedent Jones with medical

treatment. Glass's general responsibility for supervising the operations of the St. Louis

Department of Corrections is insufficient to establish his personal involvement with the

tragic death of Decedent Jones at the St. Louis City Justice Center. As a result, I will grant

Glass's motion to dismiss the section 1983 claim.

2

Glass also moves to dismiss Ms. Jones' state law wrongful death claim based on official immunity. Official immunity shields public officers and state officials from civil liability for injuries arising out of their discretionary acts, functions, or omissions performed in the exercise of their official duties. Harris v. Munoz, 43 S.W.3d 384, 387 (Mo. Ct. App. 2001). The wrongful death claim in this case alleges that Defendants failed to provide adequate health care to Decedent Jones. The complaint does not allege any specific ministerial duty which Glass failed to perform in connection with Decedent Jones' death. Glass's official duties as the Commissioner of Corrections such as the general supervision of employees, supervisory conduct, and policy making are all discretionary acts covered by the official immunity doctrine. Nguyen v. Grain Valley R-5 School Dist., 353 S.W.3d 725, 733 (Mo. Ct. App. 2011). As a result, I will grant Glass's motion to dismiss the wrongful death claim.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Dale Glass's motion to dismiss [17] is **GRANTED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2015.